## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CENTER FOR SCIENCE IN THE PUBLIC INTEREST, *et al.*,<br><br>*Plaintiffs*,<br><br>vs.<br><br>SONNY PERDUE, Secretary of the U.S. Department of Agriculture, in his Official Capacity, *et al.*,<br><br>*Defendants*. | Case No.  8:19-cv-01004-GJH |

## ANSWER

Defendants hereby respond to Plaintiffs Complaint, ECF No. 1.

In response to the numbered paragraphs of the Complaint, Defendants respond as follows, using the same paragraph numbering as is found in the Complaint:

The first four unnumbered paragraphs at the beginning of the Complaint consists of the Plaintiffs' characterization of the present action and legal argument, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in these paragraphs.

### Jurisdiction and Venue

1.      This paragraph consists of legal conclusions regarding subject-matter jurisdiction, to which no response is required.

2.      This paragraph consists of legal conclusions regarding venue, to which no response is required.

**<u>Parties</u>**

3.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5.      Admitted.

6.      Defendants admit the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence in this paragraph.  With respect to the third sentence of this paragraph, Defendants admit that USDA participated in conferences with CSPI.  Defendants deny that CSPI's participation in these conferences was premised on partnership between CSPI and USDA.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this sentence.  Defendants admit the fourth through seventh sentences of this paragraph.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the eighth sentence of this paragraph.

7.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Admitted.

**Factual Allegations**

15.     This paragraph consists of a characterization of the Richard B. Russell National School Lunch Act, Pub. L. No. 79-396, 60 Stat. 230 (1946), and provisions codified at 42 U.S.C. §§ 1751, 1758(a)(1), 1773(e)(1), which speak for themselves and therefore no response is required.  To the extent a response is deemed required, Defendants deny any characterization that is inconsistent with the text of this statute and statutory provisions.

16.     The first sentence of this paragraph consists of a legal characterization of the School Lunch Act, to which no response is required.  To the extent a response is deemed required, Defendants state that the Act, it subsequent amendments, and its legislative history speak for themselves, and deny any characterization that is inconsistent with its text and legislative history.  The second and third sentence of this paragraph consists of statistics cited from the USDA *Child Nutrition Tables*.  Defendants state that that these statistics speak for themselves, and deny any characterization inconsistent with their terms.

17.     Defendants admit the first sentence of this paragraph.  The second sentence consists of characterization of the School Lunch Act, and its amendments, which speak for themselves.  Defendants deny any characterization that is inconsistent with the School Lunch Act and its amendments.

18.     The first two sentences of this paragraph consist of quotations from Pub. L. No. 103-448, § 12, § 1760(k), 108 Stat. 4699 (1994); S. Rep. No. 103-300, at 22 (1994); and 7

U.S.C. § 5341(a)(1), (2).  Defendants state that these provisions speak for themselves, and deny

any characterization inconsistent with their terms.  The third sentence of this paragraph consists

of a characterization of the U.S. Department of Health and Human Services, *Dietary Guidelines:*

*Process*, website, which speaks for itself.  Defendants deny any characterization inconsistent

with its terms.  The fourth sentence of this paragraph consists of a characterization of the eighth

edition of the *Dietary Guidelines for Americans: 2015-2020* publication, published by USDA &

the U.S. Department of Health & Human Services, which speaks for itself.  Defendants deny any

characterization inconsistent with its terms.  The fifth sentence of this paragraph consists of

characterizations of a USDA website entitled "About the Dietary Guidelines," and Standards in

the National School Lunch and School Breakfast Program, 76 Fed. Reg. 2494, 2495 (Jan. 13,

2011), which speak for themselves.  Defendants deny any characterization inconsistent with their

terms.

      19.     This paragraph consists of a characterization of Pub. L. No. 107-265, sect. 103, §

1758(a)(4)(B), 118 Stat. 729 (2004), which speaks for itself.  Defendants deny any

characterization inconsistent with the statute's terms.

      20.     The first three sentences consists of a description of the Healthy, Hunger-Free

Kids Act of 2010, which speaks for itself.  Defendants deny any characterization inconsistent

with the statute's terms or enactment history.  The fourth sentence consists of a characterization

of Pub. L. No. 111-296, sec 201, § 1754(b)(2)(A)(i), 124 Stat. 3183 (2010 and S. Rep. No. 111-

178, at 4 (2010), which speak for themselves.  Defendants deny any characterization inconsistent

with these authorities.  With respect to the fifth sentence, Defendants admit that USDA

commissioned the report issued by the Food and Nutrition Board of the National Research

Council of the National Academy of Scientists (the "IOM Report"), which was released in 2009.

Defendants otherwise state that the IOM Report speaks for itself, and deny any characterization that is inconsistent with its terms.   The last sentence consists of a characterization of the IOM Report and its design.  Defendants state that the IOM Report speaks for itself, and deny any characterization inconsistent with its terms.

21.      This paragraph consists of a characterization of Pub. L. No. 130-448, sect. 105, § 1758(a)(2)(B), 108 Stat. 4699 (1994) and H.R. Rep. No. 103-535, pt. 1 (1994), which speak for themselves.  Defendants deny any characterization inconsistent with the terms of these authorities.

22.      This paragraph consists of a characterization and legal conclusion regarding National School Lunch Program & School Breakfast Program: Additional Menu Planning Approaches, 65 Fed. Reg. 26,904 (May 9, 2000) and National School Lunch Program & School Breakfast Program: School Meals Health Imitative for Healthy Children, 60 Fed. Reg. 31,188 (June 13, 1995), which speak for themselves.  Defendants deny any characterization inconsistent with the terms of these authorities.

23.      With respect to the first sentence of this paragraph, Defendants admit that in 2011, USDA published a Notice of Proposed Rulemaking ("2011 NPRM"), Nutrition Standards in the National School Lunch and School Breakfast Program, 76 Fed. Reg. 2392, 2494 (Jan. 12, 2011).  The remainder of these sentence is a quotation and characterization of that NPRM, which speaks for itself.  Defendants deny any characterization inconsistent with its terms.  The second sentence of this paragraph consists of a characterization of the 2005 Dietary Guidelines, which speak for themselves.  Defendants deny any characterization inconsistent with their terms.  The third sentence of this paragraph consists of a characterization of the 2011 NPRM, which speaks for itself.  Defendants deny any characterization inconsistent with its terms.

24.      The first sentence of this paragraph consists of a characterization of the 1980, 2985, 1990, 1995, and 2000 USDA and U.S. HHS Dietary Guidelines.  These guidelines speak for themselves and Defendants deny any characterization inconsistent with their terms.  The second sentence in this paragraph consists of a characterization of the 2005 USDA and U.S. HHS Dietary Guidelines.  These guidelines speak for themselves and Defendants deny any characterization inconsistent with their terms.

25.      This paragraph consists of a quotation and a characterization of the 2011 NPRM, which speaks for itself.  Defendants deny any characterization inconsistent with its terms.

26.      The first sentence of this paragraph consists of a characterization of the 1980, 1985, 1990, and 2000 Guidelines, as well as the 2000 *Report of the Dietary Guidelines Advisory Committee on Dietary Guidelines for Americans*.  These documents speak for themselves and Defendants deny any characterization inconsistent with their terms.  The second sentence of this paragraph consists of a characterization of the 2005 USDA and U.S. HHS Dietary Guidelines. These guidelines speak for themselves and Defendants deny any characterization inconsistent with their terms.  The third sentence of this paragraph consists of a characterization of the 2005 IOM Report, which speaks for itself.  Defendants deny any characterization inconsistent with its terms.

27.      This paragraph consists of a quotation and a characterization of the 2011 NPRM, which speaks for itself.  Defendants deny any characterization inconsistent with its terms.

28.      This paragraph consists of a characterization of and quotations of the final rule, Nutrition Standards in the National School Lunch and School Breakfast Programs, 77 Fed. Reg. 4088 (Jan. 26, 2012) ("2012 Final Rule"), which speaks for itself.  Defendants deny any characterization inconsistent with its terms.

29.     This paragraph consist of a characterization of the 2012 Final Rule, which speaks for itself. Defendants deny any characterization inconsistent with its terms.

30.     The first sentence of this paragraph consists of a characterization of and quotations from the 2012 Final Rule, which speaks for itself. Defendants deny any characterization inconsistent with its terms. The second and third sentences consist of a characterization of the 2010 and 2005 Guidelines, which speak for themselves. Defendants deny any characterizations inconsistent with their terms. The remaining sentence and bulleted list in this paragraph consists of a characterization of the 2012 Final Rule, which speaks for itself. Defendants deny any characterization inconsistent with its terms.

31.     This paragraph consists of a characterization of and quotations from the 2012 Final Rule, which speaks for itself. Defendants deny any characterization inconsistent with its terms.

32.     The first sentence of this paragraph consists of a characterization of and quotations from the 2012 Final Rule, which speaks for itself. Defendants deny any characterization inconsistent with its terms. The second sentence consist of a characterization of the 2010 and 2005 Guidelines, as well as the 2012 Final Rule, which speak for themselves. Defendants deny any characterizations of these authorities inconsistent with their terms. The remaining sentence and bulleted list in this paragraph consistent of a characterization of the 2012 Final Rule, which speaks for itself. Defendants deny any characterization inconsistent with its terms.

33.     This paragraph consists of a characterization of and quotation from the 2012 Final Rule, which speaks for itself. Defendants deny any characterization inconsistent with its terms.

34.     This paragraph consists of a characterization of and quotation from the 2012 Final Rule, which speaks for itself.  Defendants deny any characterization inconsistent with its terms.

35.     Admitted.

36.     This paragraph consists of a characterization of studies cited in a Comment Letter submitted by CPSI, which speak for themselves.  Defendants deny any characterization inconsistent with its terms or with the terms of the authorities cited within the Comment Letter.

37.     Defendants admit the first sentence of this paragraph.  Defendants admit the second sentence of this paragraph.  Defendants admit the third sentence of this paragraph.  The fourth and fifth sentences of this paragraph consists of a characterization of a Comment Letter submitted by CPSI, which speaks for itself.  Defendants deny any characterization inconsistent with its terms or with the terms of the authorities cited within the Comment Letter.

38.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence of this paragraph. The second sentence of this paragraph consists of a characterization of a Comment Letter submitted by CPSI, which speaks for itself.  Defendants deny any characterization inconsistent with its terms.

39.     With respect to the first sentence, Defendants admit that USDA provided technical assistance to schools.  The first sentence of this paragraph otherwise consists of a characterization of USDA's statutory obligations.  Defendants admit the second sentence of this paragraph.

40.     This paragraph consists of a characterization of Pub. L. No. 115-31, § 747, 131 Stat. 135 (2017), which speaks for itself.  Defendants deny any characterization inconsistent with its terms.

41.     This paragraph consists of a characterization of and quotations from a May 1, 2017 USDA Press Release and Proclamation by the Secretary, which speak for themselves. Defendants deny any characterizations inconsistent with the text of these documents.

42.     This paragraph consists of a characterization of and quotation from a May 1, 2017 USDA Press Release, which speaks for itself. Defendants deny any characterization inconsistent with the text of this Press Release.

43.     This paragraph consists of a memorandum from Angela Kline, Director of Child Nutrition Programs, entitled *School Meal Flexibilities for School Y ear 2017-2018*, which speaks for itself. Defendants deny any characterization inconsistent with the text of this memorandum.

44.     This paragraph is a characterization of a 2017 Interim Final Rule entitled *Child Nutrition Programs: Flexibilities for Milk, Whole Grains, and Sodium Requirements*, 82 Fed. Reg. 56,703 (Nov. 30, 2017) (the "2017 IFR"), which speaks for itself. Defendants deny any characterization inconsistent with the text of this IFR.

45.     This paragraph is a characterization of the 2017 IFR, which speaks for itself. Defendants deny any characterization inconsistent with the text of this IFR.

46.     This paragraph is a characterization of a 2017 Interim Final Rule entitled *Child Nutrition Programs: Flexibilities for Milk, Whole Grains, and Sodium Requirements*, 82 Fed. Reg. 56,703 (Nov. 30, 2017 (the "2017 IFR"), which speaks for itself. Defendants deny any characterization inconsistent with the text of this IFR.

47.     Defendants admit the first sentence of this paragraph. The second and third sentences are characterizations of the statistics reported at pages 63,777 and 63,778 of the final rule published at 83 Fed. Reg. 63,775 (Dec. 12, 2018). These statistics speak for themselves, and defendants deny any characterization inconsistent with their terms. The fourth sentence is a

characterization of the comments received with respect to the final rule published at 83 Fed. Reg. 63,775, and which are posted online at www.regulations.gov, docket FNS-2017-0021.  These comments speak for themselves, and defendants deny any characterization inconsistent with their terms.

48.     This paragraph is a characterization of a final rule entitled *Child Nutrition Programs: Flexibilities for Milk, Whole Grains, and Sodium Requirements*, 83 Fed. Reg. 63,775 (Dec. 12, 2018) (the "2018 Final Rule"), which speaks for itself.  Defendants deny any characterization inconsistent with the text of the 2018 Final Rule.

49.     This paragraph is a characterization of the 2018 Final Rule, which speaks for itself.  Defendants deny any characterization inconsistent with the text of the 2018 Final Rule.

50.     Denied.

51.     This paragraph consists of legal conclusions regarding the 2018 Final Rule, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

52.     This paragraph consists of characterizations of the 2018 Final Rule, which speaks for itself.  Defendants deny any characterization inconsistent with the text of the 2018 Final Rule.  This paragraph otherwise consists of legal conclusions regarding the 2018 Final Rule, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

53.     This paragraph consists of characterizations of the 2018 Final Rule, which speaks for itself.  Defendants deny any characterization inconsistent with the text of the 2018 Final Rule.  This paragraph otherwise consists of legal conclusions regarding the 2018 Final Rule, to

which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

54.     This paragraph consists of characterizations of the 2018 Final Rule, which speaks for itself.  Defendants deny any characterization inconsistent with the text of the 2018 Final Rule.  This paragraph otherwise consists of legal conclusions regarding the 2018 Final Rule, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

55.     This paragraph consists of characterizations of the 2018 Final Rule, which speaks for itself.  Defendants deny any characterization inconsistent with the text of the 2018 Final Rule.  This paragraph otherwise consists of legal conclusions regarding the 2018 Final Rule, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

56.     This paragraph consists of characterizations of the 2018 Final Rule, which speaks for itself.  Defendants deny any characterization inconsistent with the text of the 2018 Final Rule.  This paragraph otherwise consists of legal conclusions regarding the 2018 Final Rule, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

57.     This paragraph consists of characterizations of the 2018 Final Rule, which speaks for itself.  Defendants deny any characterization inconsistent with the text of the 2018 Final Rule.  This paragraph otherwise consists of legal conclusions regarding the 2018 Final Rule, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

58.     Defendants admit that the Civil Rights Impact Analysis was not published publically until late March 2019.  The remainder of this paragraph consists of characterizations of the 2018 Final Rule, Departmental Regulations 4300-004, and a Civil Rights Impact Analysis, which speaks for themselves.  Defendants deny any characterization inconsistent with the text of these authorities.  This paragraph otherwise consists of legal conclusions regarding the 2018 Final Rule, the Civil Rights Impact Assessment, and Departmental Regulation 5300-04 to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

59.     Defendants deny the first two sentences of this paragraph.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of this paragraph.  The fourth sentence of this paragraph consists of a characterization of a publication entitled *Child Nutrition Programs: Flexibilities for Milk, Whole Grains, and Sodium Requirements*, which speaks for itself.  Defendants deny any characterization inconsistent with the terms of this document.  The fifth and sixth sentences of this paragraph consist of a characterization of a blog post entitled *Balancing Nutrition and Taste: USDA Flexibilities Improve School Meal Service*, which speaks for itself.  Defendants deny any characterization inconsistent with the terms of this document.  With respect to the seventh sentence, Defendants admit that the "What's Shaking" initiative is inactive, and that FNS now focuses on "sodium reduction" with a goal of meeting Target 2.  Defendants further admit that Target 3 is no longer mentioned in FNS webinars or new materials.  Defendants otherwise deny the seventh sentence of this paragraph.  Defendants deny the eighth sentence of this paragraph.

60.     This paragraph is a characterization of the Dietary Reference Intakes for Sodium and Potassium, released by the National Academy of Sciences on March 5, 2019.  This document speaks for itself, and defendants deny any characterization inconsistent with its terms.

61.     This paragraph is a characterization of the Dietary Reference Intakes for Sodium and Potassium, released by the National Academy of Sciences on March 5, 2019.  This document speaks for itself, and defendants deny any characterization inconsistent with its terms.

62.     The fifth sentence of this paragraph consists of a characterization of a March 2019 blog post, which speaks for itself.  Defendants deny any characterization inconsistent with the terms of this document.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.  The remainder of this paragraph consists of legal arguments, to which no response is required.  If a response is deemed required, defendants deny that they have violated the law.

63.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  The remainder of this paragraph consists of legal arguments, to which no response is required.  If a response is deemed required, defendants deny that they have violated the law.

64.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  The remainder of this paragraph consists of legal arguments, to which no response is required.  If a response is deemed required, defendants deny that they have violated the law.

65.     The second and third sentences of this paragraph consistent of characterizations about the 2011 Rule and 42 C.F.R. § 210.7.  These authorities speak for themselves, and defendants deny any characterizations inconsistent with the text of these authorities.  Defendants

otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.  The remainder of this paragraph consists of legal arguments, to which no response is required.  If a response is deemed required, defendants deny that they have violated the law.

66.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  The remainder of this paragraph consists of legal arguments, to which no response is required.  If a response is deemed required, defendants deny that they have violated the law.

67.     Defendants deny the second sentence of this paragraph Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining factual allegations in this paragraph.  The remainder of this paragraph consists of legal arguments, to which no response is required.  If a response is deemed required, defendants deny that they have violated the law.

68.     Denied.

69.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  The remainder of this paragraph consists of legal arguments, to which no response is required.  If a response is deemed required, defendants deny that they have violated the law.

70.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  The remainder of this paragraph consists of legal arguments, to which no response is required.  If a response is deemed required, defendants deny that they have violated the law.

71.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  The remainder of this paragraph consists of legal arguments, to which no response is required.  If a response is deemed required, defendants deny that they have violated the law.

72.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  The remainder of this paragraph consists of legal arguments, to which no response is required.  If a response is deemed required, defendants deny that they have violated the law.

73.     Denied.

### Claim for Relief

74.     This paragraph is a characterization of 5 U.S.C. § 706(2), which speaks for itself. Defendants deny any characterization inconsistent with the text of this provision.

75.     This paragraph is a legal conclusion, to which no response is required.

76.     This paragraph is a legal conclusion, to which no response is required.  To the extent a response is deemed required, denied.

77.     This paragraph is a characterization of 5 U.S.C. § 553(b)(3), (c) which speaks for itself.  Defendants deny any characterization inconsistent with the text of this provision.

78.     This paragraph is a characterization of 5 U.S.C. § 706(2)(D), which speaks for itself.  Defendants deny any characterization inconsistent with the text of this provision.

79.     This paragraph is a legal conclusion, to which no response is required.  To the extent a response is deemed required, denied.

80.     This paragraph is a legal conclusion, to which no response is required.  To the extent a response is deemed required, denied.

81.     This paragraph is a characterization of 5 U.S.C. § 706(1) which speaks for itself. Defendants deny any characterization inconsistent with the text of this provision.

82.     This paragraph is a legal conclusion, to which no response is required.

83.     This paragraph is a legal conclusion, to which no response is required.  To the extent a response is deemed required, denied.

*** 

The remainder of the Complaint constitutes Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief.

Each and every allegation in the Complaint not expressly admitted or denied is hereby denied.

## **Defenses**

As to all of the claims asserted in this Action, the Plaintiffs' claims are barred because this Court lacks subject-matter jurisdiction over this Action.  Plaintiffs have not alleged a harm sufficient to satisfy Article III.

Having fully answered Plaintiffs' Complaint, Defendants respectfully request that the Court enter judgment dismissing this action.

Dated: June 7, 2019                                 Respectfully submitted,

                                                    JOSEPH H. HUNT
                                                    Assistant Attorney General

                                                    ERIC R. WOMACK
                                                    Assistant Branch Director

                                                    */s/ Joseph E. Borson*
                                                    JOSEPH E. BORSON
                                                    Virginia Bar No. 85519
                                                    Trial Attorney, U. S. Dept. of Justice
                                                    Civil Division, Federal Programs Branch
                                                    1100 L St., NW
                                                    Washington, D.C. 20005
                                                    Tel.     (202) 514-1944
                                                    Joseph.Borson@usdoj.gov

                                                    *Attorneys for Defendants*